Opinion filed August 26,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00183-CR

                                                    __________

 

                            JEFFREY
DEE STEADMAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 8299D

 



 

                                                                              

O
N   M O T I O N   F O R   R E H E A R I N G

In his motion for rehearing, in connection with
his fourth issue, appellant has called our attention to the fact that, in our
original opinion, we did not cite to the recent decision of the United States
Supreme Court in Presley v. Georgia, 130 S.Ct. 721 (2010).  He is
correct; we did not.  In Presley, the Court settled the question of
whether the Sixth Amendment right to a public trial extends to jury voir dire
proceedings.  It does, and in our original opinion, we treated it in that
manner.  The Presley Court also held that the record in that case was
not sufficient to show that the Waller test was satisfied.  Waller v.
Georgia, 467 U.S. 39 (1984).  However, we
remain convinced that, under Waller,
the trial court did not violate appellant’s right to a public trial either
under the Sixth Amendment to the Constitution of the United States or Article I,
section 13 of the Texas Constitution.

In his original briefing, appellant referred to
the objection lodged at trial that the exclusion of the family members from the
voir dire phase of the trial “violates our constitutional right to an open and
fair jury under the U.S. Constitution and the state constitution.”  He also
refers to his objection that the district attorney’s investigator was sitting
where the family members could have been sitting and that his objection was
“based upon the Sixth Amendment of the Constitution of the United States and the
Texas State Constitution.”  He also makes record references to photographs of
the courtroom.  Assuming error, appellant then argued the harmful nature of
it.  With the exception of appellant’s argument regarding harm analysis, which
we did not need to reach, and matters raised for the first time in appellant’s
motion for rehearing, we have addressed all of appellant’s other claims in our
original opinion.  

Appellant’s motion for rehearing is denied.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

August 26,
2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright,
C.J.,

McCall, J., and Strange, J.